FILED

2026 Mar-23  AM 11:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GERAMY SHANE KUTSCH,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No. 2:25-cv-2042-ACA** |
| | } | |
| **ALABAMA DHR, et al.,** | } | |
| | } | |
| **Defendant.** | } | |

## <u>MEMORANDUM OPINION</u>

The court ordered *pro se* Plaintiff Geramy Shane Kutsch to show cause why the court should not dismiss his civil rights complaint against under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). (Doc. 15). In his response, Mr. Kutsch asserts the same arguments he has made in previous motions that the court has already rejected. (*Compare* doc. 16 *with* docs. 1, 5, 8, 11, 12). As such, Mr. Kutsch's complaint still fails to state a claim, and the court **WILL DISMISS** this action **WITH PREJUDICE**.

In his response to the court's order, Mr. Kutsch moves to amend his complaint to seek only injunctive or declaratory relief and forego monetary relief. (Doc. 16 at 1). Courts should allow leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). But a court may deny leave to amend when amendment would be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004).

"[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Id.* at 1263 (quotation marks omitted). The court has already explained that it cannot grant the declaratory or injunctive relief that Mr. Kutsch seeks. (Doc. 15 at 5; doc. 7 at 3–4). Thus, the court **WILL DENY** the motion to amend as futile.

To conclude, the court **WILL DENY** the motion to amend as futile and **WILL DISMISS** this action **WITH PREJUICE**.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this March 23, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

2